IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:07CR339 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| LAWRENCE COOK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's objection, Filing No. 27, to the report and recommendation (R&R) of the magistrate, Filing No. 21. Defendant was charged in a two-count indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and for forfeiture of property pursuant to 18 U.S.C. § 924(d) and § 2461(c). Defendant filed a motion to suppress, Filing No. 14, and the magistrate judge recommended that the defendant's motion be denied. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a *de novo* determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has carefully reviewed the entire record including the transcript of the suppression hearing, Filing No. 24, the briefs, and the relevant caselaw. The court finds the objections to the R&R are overruled.

**Background**

Lawrence Cook was indicted on October 17, 2007, on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and for forfeiture of property pursuant to 18 U.S.C. § 924(d) and § 2461(c). Filing No. 1. On November 5, 2007, Cook filed a Motion to Suppress Evidence. Filing No. 14. A hearing was held in front of Magistrate Judge Thomas D. Thalken on November 8, 2007, at which hearing Officer Keith

Michael Lampert ("Officer Lampert") of the Omaha Police Department ("OPD") testified. Filing Nos. 22 and 24, Transcript of Hearing ("TR"). At the hearing, the magistrate's report and recommendation was read into the record. Filing Nos. 18 and 21. Cook filed an Objection on December 13, 2007, Filing No. 27, and his brief in support of his Objection on December 14, 2007. Filing No. 28.

On September 19, 2007, at 3:55 a.m., Officer Lampert received a radio dispatch regarding a hit-and-run accident at 5806 North 42nd Street. TR 3:15-20. Officer Lampert proceeded northbound on 42nd Street attempting to locate any suspects. TR 3:23-24. Officer Lampert noticed a black male, later identified as Lawrence Cook ("Cook"), standing in the middle of the intersection waving his hands. TR 4:3-6. Officer Lampert testified that Cook was sweating quite a bit and that his face was very sweaty. TR 4:21-23. Officer Lampert asked if Cook was okay. TR 4:22-23. Cook responded that he thought that he may have been involved in an accident and that he needed help. TR 4:25-5:1. Cook indicated that he was driving a silver Chevy when he was almost run off the road. TR 5:21-23. Cook indicated that it was a silver Chevy Spectrum, which matched the description of the vehicle involved in the hit-and-run. TR 5:2-18. Officer Lampert indicated that he would transport Cook back to the accident, where his car was located. TR 5:21-24.

Officer Lampert testified that OPD standard operating procedures require that officers conduct a brief pat-down of a person for weapons prior to placing them in the back of the cruiser. TR 6:2-15. As Officer Lampert began to conduct the pat-down, Cook indicated that he had a revolver in his pants. TR 6:25-7:2. Officer Lampert located a small revolver in Cook's left front pocket. TR 7:11-13. Officer Lampert then placed Cook into handcuffs and retrieved the weapon from Cook's pocket. TR 7:17-20. Officer Lampert transported Cook back to the accident scene. TR 8:6-15. While in the cruiser, Cook volunteered to Officer Lampert that Cook had lost control of the vehicle and that the vehicle

at the hit-and-run location was his. TR 8:16-9:1. Cook also indicated that the gun was thrown at him and that he was holding onto it for safety. TR 9:5-6.

Officer Lampert ran a data check on Cook and determined he was wanted in California for robbery. TR 11:7-10. Cook was transported to Central Police Headquarters, and while in transit Cook was advised of his rights and Cook declined to make any further statements. TR 11-17.

**Discussion**

Cook objects to the magistrate's findings that it was appropriate to detain and transport Cook back to the accident scene and that Officer Lampert's pat-down search was entirely constitutional and reasonable.

Consistent with the Fourth Amendment, any officer may temporarily detain an individual whom he or she has reasonable suspicion, based on specific and articulable facts, to believe that the individual is, was, or is about to be, engaged in criminal activity. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968); *United States v. Cortez*, 449 U.S. 411, 417 (1981). Reviewing courts "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (*quoting Cortez*, 449 U.S. at 417). Observations leading to an "inarticulate hunch" that criminal activity is afoot are insufficient to justify a detention, but reasonable suspicion requires considerably less than proof of wrongdoing by a preponderance of the evidence. *Terry*, 392 U.S. at 22.

When an individual is subject to a lawful investigative detention, an officer may conduct a limited frisk or pat-down of that person for weapons if the officer has a reasonable belief that the suspect is armed and dangerous. *See Terry*, 392 U.S. at 21 and 24; *United States v. Menard*, 95 F.3d 9, 10-11 (8th Cir.1996). To decide whether there is a reasonable, articulable suspicion that a suspect is armed and presently dangerous, this

court considers the totality of circumstances known to the officer at the time of the search. *See Menard*, 95 F.3d at 11-12; *United States v. Abokhai*, 829 F.2d 666, 670 (8th Cir. 1987). The purpose of this limited search is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear of violence. *Adams v. Williams*, 407 U.S. 143, 146 (1972). The officer need not be absolutely certain that the individual is armed; rather, the issue in determining the legitimacy of the search is "whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27; *United States v. Flett*, 806 F.2d 823, 828 (8th Cir. 1986).

In *Abokhai*, the Eighth Circuit held the officers had reasonable cause to believe that placing Abokhai in the back seat of the patrol car presented a potential danger to the officers based on the equivocation of Abokhai's story, the possibility that a third person was involved and unaccounted for, and a recent armed robbery in the area. *Abokhai*, 829 F.2d at 670-71. Additionally, the court noted that the pat-down was necessary for officer safety given the close proximity to the officers and their limited ability to observe the defendant while he was in the backseat of the vehicle. *Id.*

However, in a subsequent case, the Eighth Circuit held that an officer's decision to place a driver in his patrol car during a routine traffic stop is insufficient to justify the pat-down search solely because this decision placed the officer in a potentially vulnerable position. *United States v. Glenn*, 152 F.3d 1047, 1049 (8th Cir.1998). In *Glenn*, the defendant was stopped for a driving with a cracked windshield and a broken taillight. *Id.* at 1048. Glenn did not have his driver's license or proof of insurance. *Id.* The officer remembered Glenn from when the officer worked for an area jail, but could not recall the nature of Glenn's offense. *Id.* The officer requested that Glenn sit in the back of the patrol car while the officer checked Glenn's driving record on the computer. *Id.* Prior to placing

4

Glenn in the back, the officer searched Glenn for weapons placing him in the back seat. *Id.* The court held that a traffic stop, without more, did not amount to a reasonable belief that the defendant was armed and dangerous. *Id.*

The court finds that in the "totality of the circumstances" this case is closer to the facts of *Abokhai* than *Glenn*. Officer Lampert knew that a silver vehicle had been involved in a hit-and-run accident in which there was no sign of the driver. Officer Lampert found Cook, who was sweating profusely, standing in the middle of an intersection two blocks from the location of the hit-and-run. Officer Lampert clearly had reasonable suspicion that the driver of the silver vehicle had violated Neb. Rev. Stat. §§ 60-696, 60-697 and 60-698.[1]

It was reasonable for Officer Lampert to detain Cook and transport him back to the

---

[1] Neb. Rev. Stat. §§ 60-696, 60-697 and 60-698 provide in relevant part:

> (1) Except as provided in subsection (2) of this section, the driver of any vehicle involved in an accident upon a public highway, private road, or private drive, resulting in damage to property, shall (a) immediately stop such vehicle at the scene of such accident and (b) give his or her name, address, telephone number, and operator's license number to the owner of the property struck or the driver or occupants of any other vehicle involved in the collision.

Neb. Rev. Stat. § 60-696(1).

> The driver of any vehicle involved in an accident upon either a public highway, private road, or private drive, resulting in injury or death to any person, shall (1) immediately stop such vehicle at the scene of such accident and ascertain the identity of all persons involved, (2) give his or her name and address and the license number of the vehicle and exhibit his or her operator's license to the person struck or the occupants of any vehicle collided with, and (3) render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person. Any person violating any of the provisions of this section shall upon conviction thereof be punished as provided in section 60-698.

Neb. Rev. Stat. § 60-697.

> Every person convicted of violating section 60-697 relative to the duty to stop in the event of certain accidents shall be guilty of a Class IIIA felony. The court shall, as part of the judgment of conviction, order such person not to drive any motor vehicle for any purpose for a period of not less than one year nor more than fifteen years from the date ordered by the court, and shall order that the operator's license of such person be revoked for a like period. The order of the court shall be administered upon sentencing, upon final judgment of any appeal or review, or upon the date that any probation is revoked, whichever is later.

Neb. Rev. Stat. § 60-698.

location of the hit-and-run. Additionally, given the time of day, the fact that Cook was found standing in the middle of an intersection, and the officer's knowledge that Cook possibly had left the scene of a hit-and-run accident, it was reasonable for Officer Lampert to conduct a brief pat-down for weapons for his own safety.  *See also United States v. Johnson*, 2007 WL 2492450 (6th Cir. September 5, 2007) (holding it is appropriate to conduct a brief pat-down prior to transporting a suspect back to the location of a hit-and-run when the police believed the suspect was driving a stolen car.)[2]

Accordingly, the court adopts the R&R of the magistrate and overrules the objections of the defendant.

THEREFORE, IT IS ORDERED:

1. Defendant's objections, Filing No. 27, are overruled;

2. Defendant's motion to suppress, Filing No. 14, is denied; and

3. The R&R of the magistrate, Filing No. 21, is adopted in its entirety.

DATED this 10th day of January, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[2] This court disagrees with Cook's assertion that the magistrate ruled that it is "constitutionally permissible to search all parties placed into a police cruiser, without consideration for whether the officer had a reasonable belief that the party was armed and dangerous." Filing No. 27, Defendant's Objections to Magistrate's Report and Recommendation. The court looked at the totality of the circumstances to determine that Officer Lampert had a reasonable belief that Cook was armed and dangerous and, therefore, Officer Lampert acted reasonably in patting down Cook to insure his safety or that of others. *Flett*, 806 F.2d at 828.

6