IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      Plaintiff,<br><br>vs.<br><br>LAWRENCE RAY COOK,<br><br>      Defendant. | 8:07CR339<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant's Motion and Amended Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, defendant's Motion for Order to Release Immediately, and defendant's Motion for a New Trial Based on Newly Discovered Evidence. Filing Nos. 129, 130, 138, 139, 140. A jury found Lawrence Cook ("Cook") guilty of Count I of the indictment of being a felon in possession of ammunition in violation of 18 U.S.C. §922(g)(1). Filing No. 82. The court found that Cook was subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e), for sentencing based on three of Cook's previous violent felony convictions. Filing No. 101. The court sentenced Cook to the custody of the Bureau of Prisons for 204 months followed by 5 years of supervised release with special conditions. *See* Filing No. 102.

In his § 2255 motion, Cook alleges his constitutional rights were violated due to a defective indictment, the improper use of a prior conviction in sentencing under the ACCA, and ineffective assistance of counsel. Cook alleges that the indictment was defective because Count I of the indictment contained both a charge of possession of a firearm and a charge of possession of ammunition. See Filing Nos. 129 and 130. Cook also alleges the indictment was defective because the indictment did not contain a

citation of the relevant statute. Filing Nos. 129 and 130. Cook alleges the use of his prior assault conviction during sentencing was improper because the case was not final, the charge of battery fell outside the scope of sentencing him under the ACCA, and that he was incompetent when he pled to the assault charge. *See* Filing Nos. 130, 138. Cook further alleges his counsel was ineffective for the following reasons: (1) counsel did not object to an erroneous oral jury instruction, (2) counsel did not object to the firearm as inadmissible evidence, (3) counsel did not file a motion to suppress evidence on double jeopardy grounds, (4) counsel did not challenge the ACCA enhancement and the prior convictions used to determine that enhancement, and (5) the relationship between Cook and counsel involved a breakdown of communication and increased animosity. *See* Filing Nos. 129 and 137. The court will address each of Cook's claims individually.

## Defective Indictment

Cook argues that the indictment was defective because Count I contained charges for both ammunition and firearms. Cook further argues that the indictment was defective because it did not contain a citation to the relevant statute. Cook fails to raise an actionable claim on either issue.

A petitioner is barred from raising an issue in a § 2255 motion if the petitioner could have raised the issue on direct appeal and did not. *Mathews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). This procedural default may be excused if petitioner can show two things: first, that a cause exists that excuses the default and second, actual prejudice from the asserted errors. *Matthews*, 114 F.3d at 112.

Cook did not raise the issue of a defective indictment on direct appeal. *See* Filing No. 120. Further, he does not raise either a cause to excuse the default or actual prejudice from the alleged defective indictment. Cook also does not allege that his defective indictment in any way relates to his ineffective assistance of counsel claim. Cook is therefore procedurally barred from raising a defective indictment claim.

## Prior Conviction

Cook argues that he was not competent during his prior assault conviction to have pled guilty, and that therefore the assault conviction was improperly used to sentence him under the ACCA. Cook further argues that the conviction was not a "final case" and that his conviction for simple battery was outside the scope of the ACCA. Cook did not raise any of these arguments in his direct appeal nor does he raise cause or prejudice in the current action. *See* Filing No. 120. Cook is procedurally barred from raising these arguments for the same reasons set forth in the previous section concerning defective indictment.

## Ineffective Assistance of Counsel

Cook alleges his counsel was ineffective for the following reasons: (1) counsel did not object to an erroneous oral jury instruction, (2) counsel did not object to the firearm as inadmissible evidence, (3) counsel did not file a motion to suppress evidence on double jeopardy grounds, (4) counsel did not challenge the ACCA enhancement or the prior convictions used to determine that enhancement, and (5) the relationship between Cook and counsel involved a breakdown of communication and increased animosity. The court finds that these claims are without merit.

Under 28 U.S.C. § 2255, a federal prisoner has "an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States,* 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)). Ineffective assistance of counsel issues are appropriately raised in collateral proceedings. *See United States v. Hughes,* 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison,* 477 U.S. 365, 374 (1986). Under the Fifth and Sixth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal of right. *See Gideon v. Wainwright,* 372 U.S. 335, 344 (1963); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985) (the fundamental right to effective assistance of counsel extends to a criminal defendant's first appeal as of right). The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).'" *King v. United States,* 595 F.3d at 852 (quoting *Alaniz v. United States,* 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States,* 600 F.3d 900, 906 (2010) (quoting *Strickland,* 466 U.S. at 687). "The standard is an objective one,

4

viewed in light of professional norms prevailing when the representation took place." *Id.*; *Bobby v. Van Hook*, 130 S. Ct. 13, 16 (2009) (per curiam).  We must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688.  The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *King*, 595 F.3d at 852.

Under *Strickland*, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (quoting *Strickland*, 466 U.S. at 690). The Eighth Circuit has "consistently held that a reasoned decision not to call a witness 'is a virtually unchallengeable decision of trial strategy,' in part because 'there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences.'" *Id.* (quoting *United States v. Staples*, 410 F.3d 484, 488-89 (8th Cir. 2005)).  Also, counsel is not necessarily ineffective for failing to raise an argument that may have had merit but was a wholly novel claim at the time. *See King*, 595 F.3d at 853; *Alaniz*, 351 F.3d at 368 (finding deficient performance in failure to raise improper aggregation of drug quantity at sentencing and on appeal).

To establish prejudice under *Strickland*, a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault*, 598 F.3d 990, 996 (2010).  In the sentencing context, prejudice can be found with a showing that, had an argument been presented, a defendant likely would have received a much shorter

sentence. *King,* 595 F.3d at 852-53. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of Strickland." *Alaniz,* 351 F.3d at 368; see also *United States v. Spigner,* 416 F.3d 708, 711 (8th Cir. 2005); *King,* 595 F.3d at 853-54.

**1. Erroneous Jury Instruction**

Cook argues that the court referenced an erroneous jury instruction prior to closing arguments, and that this reference confused both the jury and the court. Cook has not shown that counsel's actions in connection with this jury instruction were unreasonable. At the beginning of trial, the jury received a jury instruction, instruction 11, that included both a firearms component and an ammunition component. Filing No. 115, Trial Transcript at 21; Filing No. 86, Initial Jury Instructions. Before closing arguments, the court instructed the jury that jury instruction 11 was changed and distributed the new jury instruction 11 that included only the ammunition component. Filing No. 116, Trial Transcript at 79. The court mistakenly referred to an earlier version of that particular jury instruction during trial, but the jury received the correct written jury instruction. Filing No. 116, Trial Transcript at 79; Filing No. 88, Final Jury Instructions. Further, there is no indication in the record that the jury was confused over this written instruction to show that an objection by counsel would have resulted in a different outcome. Cook's allegations do not meet the *Strickland* standard to show either deficient performance by counsel or prejudice and therefore are without merit.

**2. Inadmissible Evidence**

Cook argues that the firearm was inadmissible and should not have been used against him in trial because he was previously told he could not be charged for the

firearm. The record indicates that Cook was originally charged with being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g). It is unclear to the court in Cook's submissions who allegedly told him he could not be charged for the firearm. However, the actions of Cook's counsel were reasonable in connection with the firearm. Counsel filed a motion to suppress the firearm that was subsequently denied by the court. Filing No. 14; Filing No. 29. Further, Cook's counsel moved for judgment of acquittal at the conclusion of the government's case on the firearm charge. Filing No. 116, Trial Transcript at 25. The court found that the government had not met its burden to prove the elements of the charge with respect to the firearm and granted counsel's motion at that time. *Id.* The court finds the defendant has not shown deficient performance by counsel because counsel filed a motion to suppress the firearm and also moved for an acquittal of the firearm charge at the first opportunity. Cook's allegations do not meet the *Strickland* standard to show deficient performance by counsel or prejudice and therefore are without merit.

### 3.  Double Jeopardy

Cook argues that counsel should have objected to evidence on the basis of double jeopardy because he was acquitted of the firearm component of Count I of the indictment, 18 U.S.C. § 922(g), during trial but was then prosecuted for possession of ammunition as charged in Count I. Cook has not specified what evidence should have been excluded. Regardless, the government does not need to prove both possession of a firearm and possession of ammunition under 18 U.S.C. § 922(g), because proof of either possessing a firearm or possessing ammunition will support conviction under the statute. See *United States v. Bryant*, 349 F.3d 1093, 1095-96 (8th Cir. 2003). The court

finds counsel's failure to object to evidence on double jeopardy grounds was not deficient and no violation of double jeopardy is involved because the evidence supports a conviction for being a felon in possession of ammunition. Therefore, Cook does not have a valid argument on this point.

### 4. ACCA Enhancement

Cook argues that counsel should have objected to the sentencing enhancement under the ACCA and the prior convictions. Cook specifically argues that the assault on an officer conviction should not be used to determine his sentence under the ACCA because he was incompetent when he pled to that conviction. Prior to sentencing, Cook's counsel objected to the presentence investigation report and the conclusion that Cook was an Armed Career Criminal. Filing No. 91. At the sentencing hearing, counsel objected to the applicability of the ACCA, and specifically stated that he intended to put "the government to its burden" to prove the prior convictions. Filing No. 118, Sentencing Transcript at 3. Further, a person sentenced under the ACCA may not collaterally attack the constitutionality of prior convictions used for sentencing purposes, except for the limited exception of failure to appoint counsel. *Custis v. U.S.*, 511 U.S. 485, 490 (1994). Cook does not allege that he did not have counsel for the prior convictions and he cannot collaterally attack any other issues with his prior convictions. Cook also failed to raise the specific argument of incompetency on direct appeal. *See* Filing No. 120. The court finds the defendant has not shown deficient performance by counsel in connection with the ACCA enhancement.

8

**5. Breakdown of Communication**

Cook argues that he had a breakdown of communication with his trial counsel that created animosity and a conflict of interest. This claim is without merit. Cook does not advance evidence that this breakdown in communication resulted in deficient performance by counsel, as required by the *Strickland* standard. The specific actions Cook points to are not signs of a deficient performance by counsel as stated previously. Further, Cook does not allege any prejudice as a result of the breakdown of communication. Cook does not meet the *Strickland* standard on any of these claims of ineffective assistance of counsel, and therefore, his motion is denied as related to these claims.

### Motion for New Trial Based on Newly Discovered Evidence

Cook filed a motion for a new trial based on the use of his prior assault conviction during sentencing, the alleged indictment defects, and the admission of the firearm. Information related to the prior assault conviction, the indictment, and the firearm was available at trial. While these may be newly advanced arguments before this court, Cook does not explain how this is newly discovered evidence. Therefore, the motion for a new trial is denied.

THEREFORE, IT IS ORDERED:

1. The defendant's Motion and Amended Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing Nos. 129, 138, and 140, are denied.

2. The defendant's Motion for Order to Release Immediately, Filing No. 139, is denied.

3.  The defendant's Motion for New Trial Based on Newly Discovered Evidence, Filing No. 130, is denied.

Dated this 24th day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge