IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:07CR339 |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| LAWRENCE RAY COOK, | |
| Defendant. | |

This matter is before the court on its own motion. It has come to the court's attention that the defendant's pro se pleading was improperly docketed as a "motion to vacate under 28 U.S.C. § 2255 (Johnson)," when it is actually a motion for leave to file a second or successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 with a caption indicating "United States Court of Appeals." See Filing No. 186. In the pleading, Cook asserts, *inter alia*, that his sentence is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]

The record indicates that the defendant filed an earlier § 2255 motion. See Filing No. 153 & Filing No. 158, Motions; Filing No. 159, Memorandum and Order; Filing No. 160, Judgment. To file a second or successive Section 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A). Absent advance authorization from the U.S. Court of Appeals, a person may not file a second-

---

[1] *Johnson* was recently given retroactive effect in cases on collateral review by the Supreme Court. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). A petition seeking relief under section 2255(h)(2) must commence within one year of the date a new rule is recognized by the Supreme Court of the United States. 28 U.S.C. § 2255(f). Further, the one-year period prescribed by 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted, and not from the date the newly recognized right was found to be retroactive. *Dodd v. United States*, 545 U.S. 353, 357-59 (2005). *Johnson* was decided by the Supreme Court on June 26, 2015.

or-successive habeas petition in district court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). If a person files a successive petition in district court without Circuit authorization, the district court will lack subject-matter jurisdiction. *See Magwood v. Patterson*, 561 U.S. 320, 330-31, 130 S. Ct. 2788, 2796 (2010); *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003) (explaining lack of jurisdiction).

It appears that the movant's pleading was mistakenly filed in this court rather than the Eighth Circuit Court of Appeals. Under 28 U.S.C. § 1631,

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631; *see, e.g., United States v. Cook County, Illinois*, 170 F.3d 1084, 1089 (Fed. Cir. 1999) ("1631 was designed to remedy the situation in which a litigant has mistakenly filed an action in a court that lacks jurisdiction."). Accordingly, the court will deny the motion without prejudice and will transmit the pleading to the United States Court of Appeals for the Eighth Circuit for filing.

Pursuant to District of Nebraska procedures, General Order No. 2015-03 *In re: Petitions Arising under Johnson v. United States* was issued in this case and counsel

2

was appointed.[2]  See Filing No. 187, General Order, Filing No. 190, Order appointing counsel.  Those orders will be vacated as applied to the defendant, Mr. Cook.  Accordingly,

IT IS ORDERED that:

1. Movant's motion (Filing No. 186) is denied without prejudice.

2. The Clerk of Court is directed to transmit the pleading (Filing No. 186) to the United States Court of Appeals for the Eighth Circuit for filing.

3. General Order No. 2015-03 (Filing No. 187), and the court's order dated January 7, 2016 (Filing No. 190) are hereby vacated as applied to the Movant only.

Dated this 1st day of June, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[2] The Federal Public Defender was originally appointed, but moved to withdraw as counsel.  See Filing No. 188, Motion to withdraw; Filing No. 189, Order.

3