IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:07CR339 |
| vs. | |
| LAWRENCE RAY COOK, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on the defendant's motion and amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Filing No. 197 and Filing No. 199). He challenges his fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c)(1)(A)(ii). Cook seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) (hereinafter, "*Johnson (2015)*").

The Supreme Court has given the decision in *Johnson (2015)* retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). The Eighth Circuit Court of Appeals has authorized Cook to file a successive 28 U.S.C. § 2255 motion on the issue of whether he "qualifies as an armed career criminal based on his Nebraska convictions for making terroristic threats and for assault after *Johnson*." Filing No. 200.

I.  BACKGROUND

Cook was indicted for being a felon in possession of a firearm and ammunition after having been convicted of several felony crimes. Filing No. 1, Indictment. The government later filed an Information of Prior Convictions under 18 U.S.C. § 924(e)(1), alleging prior convictions for (1) a terroristic threat, (2) assault by a confined person, and

(3) assault on an officer, then considered to be three prior "crimes of violence" that subjected him to a term of not less than fifteen (15) years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c)(1)(A)(ii). Filing No. 34.

On October 28, 2008, a jury found Cook guilty of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). Filing No. 82, Verdict. Cook was sentenced to 204 months' (seventeen years) of imprisonment to be followed by a five-year term of supervised release. Filing No. 102, Judgment. Cook's sentence was affirmed on appeal and his first motion for post-conviction relief was denied. Filing Nos. 96, Notice of Appeal; 122, 8th Circuit Opinion; 129, Motion to Vacate; and 141, Memorandum and Order; see *United States v. Cook*, 603 F.3d 434 (8th Cir. 2010).

In the present motion, Cook contends that his conviction for terroristic threats is not a crime of violence after *Johnson (2015)*. The government argues that *Johnson (2015)* does not afford Cook any relief under 28 U.S.C. § 2255. It contends that Cook's predicate terroristic threats conviction is not affected by *Johnson (2015)*, arguing that Cook's status as an armed career criminal was based on the ACCA's force clause, rather than the residual clause invalidated in *Johnson (2015)*. Further, the government argues that the definition of a "crime of violence" under Nebraska law fits within the definition of a violent felony in the ACCA and accordingly a conviction under Nebraska's terroristic threats statute is categorically a violent felony under the ACCA.

**II.    LAW**

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who moves to vacate, set aside or correct his sentence on any of the following grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2)

2

that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Section 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries that are outside the ambit of a direct appeal and which, if untreated, would result in a miscarriage of justice. *See Poor Thunder v. United States*, 810 F.2d 817, 821–22 (8th Cir. 1987).

The ACCA enhances a sentence for an individual convicted under 18 U.S.C. § 922(g) from a statutory maximum of ten years to a statutory minimum of fifteen years if a defendant has been convicted as a felon in possession of a firearm "and has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). At the time of Cook's sentencing, the ACCA gave three definitions of "violent felony." 18 U.S.C. § 924(e)(2)(B). It referred to any offense that "has as an *element* the use, attempted use, or *threatened use of physical force against the person of another*." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). That provision is known as the "force clause." *See United States v. Jordan*, 812 F.3d 1183, 1185 (8th Cir. 2016). The ACCA also covered any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The first nine words of that subsection are called the "enumerated crimes clause," and the last thirteen are called the "residual clause." *See id.* The Supreme Court found the residual clause unconstitutionally vague in

*Johnson*, 135 S. Ct. at 2563, but did not invalidate the force clause or the enumerated crimes clause of the ACCA's definition of a violent felony.

To determine whether a prior conviction under a statute that encompasses a single crime is a predicate violent felony offense under the ACCA, the court must apply a categorical approach, which focuses solely on the elements of the crime of conviction and whether they match the definition under the ACCA, while ignoring the particular facts of the case. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *United States v. McFee*, 842 F.3d 572, 574 (8th Cir. 2016) (stating that "[t]o determine whether a prior conviction qualifies as an ACCA predicate offense under the force clause, [courts] typically 'apply a categorical approach, looking to the elements of the offense as defined in the . . . statute of conviction rather than to the facts underlying the defendant's prior conviction'") (quoting *United States v. Rice*, 813 F.3d 704, 705 (8th Cir. 2016)). In contrast, when a state statute is divisible, "in that it defines multiple crimes, some of which are ACCA predicate offenses 'and some of which are not, [courts] apply a modified categorical approach to look at the charging document, plea colloquy, and comparable judicial records for determining which part of the statute the defendant violated.'" *McFee*, 842 F.3d at 574–75. A list of alternative elements is divisible, but a list of alternative means is not. *Id.; see Mathis,* 136 S. Ct. at 2256.

As noted, under the force clause, a prior conviction must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The meaning of "physical force" in § 924(e)(2)(B)(i) is a question of federal law, not state law. *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson (2010)*"). The phrase "physical force" in § 924(e)(2)(B)(i) "means

4

violent force—that is, force capable of causing physical pain or injury to another person." *Id.*; *United States v. Williams*, 690 F.3d 1056, 1067-68 (8th Cir. 2012). The Nebraska Supreme Court's interpretation of state law, however, applies with respect to the determination of the elements of the underlying predicate crime. *Johnson (2010)*, 559 U.S. at 140.

"The elements of a crime 'are what the jury must find beyond a reasonable doubt to convict the defendant; and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty.'" *McFee*, 842 F.3d at 575 (quoting *Mathis*, 136 S. Ct. at 2248). If the elements of the crime of conviction "cover a greater swath of conduct than the elements of the relevant ACCA offense," then the conviction does not qualify as a predicate offense under the ACCA. *Mathis*, 136 S. Ct. at 2251.

The Nebraska terroristic threat statute provides that a person commits terroristic threats if "he or she threatens to commit any crime of violence: (a) With the intent to terrorize another; (b) With the intent of causing the evacuation of a building, place of assembly, or facility of public transportation; or (c) In reckless disregard of the risk of causing such terror or evacuation." Neb. Rev. Stat. § 28-311.01. Under either the categorical or modified categorical approach, the court "examine[s] the elements of the underlying state offense to determine if the conviction necessarily involve[s] 'the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Ossana*, 638 F.3d 895, 900 (8th Cir. 2011) (quoting identical Guidelines enhancement provision, U.S.S.G. § 4B1.2(a)(1)).

The elements of the crime of making a terroristic threat under Nebraska law are: (1) the defendant threatened to commit a crime of violence; and (2) the defendant made

5

the threat with the intent to terrorize, or acted in reckless disregard of the risk of causing such terror. *State v. Schmailzl*, 502 N.W.2d 463, 466 (Neb. 1993); *see State v. Mukoma*, No. A-10-837, 2011 WL 2556933, at *3 (Neb. Ct. App. June 21, 2011) (a defendant would be guilty of terroristic threats if he threatened to commit any crime of violence and did so either with the intent to terrorize another or in reckless disregard of the risk of causing such terror). "It is the first element—the content of the threat itself, not the mental state—that is at issue here." *United States v. Cramer*, No. 4:13-CR-3011, 2016 WL 6102337, at *3 (D. Neb. Oct. 19, 2016) (examining Nebraska terroristic threat crime as a crime of violence); *see McFee*, 842 F.3d at 575 (finding textual support for the conclusion that the term "crime of violence" is intended to be an element of the crime and that the list of violent crimes elsewhere in Minnesota criminal statutes were alternative means); *State v. Abejide*, 879 N.W.2d 684, 693 (Neb. 2016) (noting with respect to terroristic threat that there is generally no requirement that the jury unanimously agree whether the crime was intentional or reckless). The element "to commit a crime of violence" is not divisible. *McFee*, 842 F.3d at 577; *see also United States v. Brown*, 765 F.3d 185, 192-93 (3d Cir. 2014), *as amended* (Nov. 4, 2014) (finding a violation of the Pennsylvania terroristic threats statute "may sometimes be a 'crime of violence' as defined by the Guidelines (for example, threatening to commit murder) and sometimes not (for example, threatening to commit arson)" and finding the statute overbroad and indivisible as to the element of communicating a threat to commit any crime of violence with intent to terrorize another.)[1]

---

[1] In *Brown*, the Third Circuit Court of Appeals concluded that Pennsylvania's terroristic threats statute is categorically not a predicate offense under the Guidelines career-offender provision. 765 F.3d

6

Under Nebraska law, a "crime of violence" within the meaning of the terroristic threat statute, Neb. Rev. Stat. § § 28-311.01, is "an act which injures or abuses through the use of physical force and which subjects the actor to punishment by public authority." *State v. Tucker*, 764 N.W.2d 137, 147 (Neb. App. Ct. 2009). Offenses such as robbery, murder, sexual assault, and assault with intent to inflict great bodily injury are also crimes of violence within the meaning of § 28-311.01. *Id.*; *see also State v. Willett*, 444 N.W.2d 672, 674-75 (Neb. 1989) (also noting that § 28-311.01(1)(a) applies to conduct such as making a bomb threat). Further, "[w]ithout doubt, a threat of murder is a threat to commit a 'crime of violence'" within the meaning of § 28-311.01. *Willett*, 444 N.W.2d at 675; *see also Cramer*, No. 4:13-cr-3011, 2016 WL 6102337, at *2 (discussing crimes of violence under Nebraska law). Under § 28-311.01, "it is possible to threaten to commit a violent crime, such as arson, with the intent to terrorize another person without ever threatening any person in a menacing manner." *State v. Smith*, No. A-02-1482, 2003 WL 22769284, at *5 (Neb. Ct. App. Nov. 25, 2003) (discussing distinction between terroristic threats and third degree assault), *aff'd*, 678 N.W.2d 733 (Neb. 2004); *see also State v. Rye*, 705 N.W.2d 236, 242 (Neb. Ct. App. 2005) (holding that the jury does not need to be instructed on the specific elements of the crime of violence that was threatened); *Cramer*, No. 4:13-cr-3011, 2016 WL 6102337, at *2 (noting that murder can be committed with the use of poison, but poison may not require the use of physical force against the victim and arson and burglary of a dwelling do not necessarily require the use of physical force against the person of another). "The

---

at 191. The Appeals Court found the statute clearly "has as an element the use, attempted use, or threatened use of physical force against the person of another," but went on to determine whether it was overbroad, and ultimately concluded that it was. *Id.* at 192-93.

7

[terroristic threat] statute defines terroristic threats as a single offense which may be committed different ways." *Abejide*, 879 N.W.2d at 693 (noting that there is generally no requirement that the jury unanimously agree whether the crime was intentional or reckless).

A state terroristic threat statute is overbroad for purposes of the ACCA if it "criminalizes conduct that is not always considered a federally defined 'crime of violence.'" *See Brown*, 765 F.3d at 193 (finding a violation of a similarly-worded Pennsylvania terroristic threat statute is categorically not a predicate offense for purposes of the career offender enhancement); *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (finding a state law burglary conviction could not be an ACCA predicate, because the state law defined burglary more broadly than the generic offense); *McFee*, 842 F.3d at 577 (holding that the crime of terroristic threats under Minnesota law does not constitute a "violent felony" under the ACCA); *Stewart v. United States*, No. 5:06-cr-00039-HL-CHW-1, 2017 WL 1407641, at *2 (M.D. Ga. Apr. 19, 2017) (noting that the Northern District of Georgia United States Attorney's Office determined that a conviction for Georgia terroristic threats is no longer a violent felony because the Georgia terroristic threats statute includes means that do not involve the requisite level of force and is overbroad). Several courts have held that "not every conviction for terroristic threats involves an offense that has as an element the threatened use of physical force against the person of another, and not every conviction for terroristic threats is a 'crime of violence.'" *United States v. Sanchez-Martinez*, 633 F.3d 658, 660 (8th Cir. 2011) (involving prior violent felony convictions as enhancements in immigration crimes under U.S.S.G. § 2L1.2.); *see also Olmsted v.*

*Holder*, 588 F.3d 556, 559 (8th Cir. 2009) (noting that convictions under the Minnesota terroristic threats can be based on at least two different mental states, and the definition of violent crimes encompass both crimes that have as an element the use, attempted use, or threatened use of physical force against the person or property of another and others that do not); *United States v. Naranjo–Hernandez*, 133 Fed. App'x 96, 98 (5th Cir. 2005) (stating "[u]nder Minnesota law, there are various means by which an individual can commit the offense of terroristic threats, some of which do not require the 'threatened use of physical force against the person of another.'")

Similarly, under Nebraska law, "[a]ny offense that involves the use, attempted use, or threatened use of physical force against the person of another is a crime of violence, but not every crime of violence necessarily requires the use, attempted use, or threatened use of physical force against the person of another." *Cramer*, No. 4:13-CR-3011, 2016 WL 6102337, at *2. The Nebraska terroristic threat statute is similar to the Minnesota statute examined in *McFee*, 842 F.3d at 574-76. The Minnesota statute makes it a crime to "threaten[], directly or indirectly, to commit any crime of violence with purpose to terrorize another . . . or in a reckless disregard of the risk of causing such terror." Minn. Stat. § 609.713(1). Violent crimes are listed in another provision of the Minnesota criminal code. Minn. Stat. § 609.1095(1)(d). Notably, "crime of violence as used in § 609.713(1) includes some offenses that do not have as an element the use of physical force against another," to wit, "the sale of more than ten grams of cocaine in a ninety-day period, manufacturing methamphetamine in the presence of a child, arson of an unoccupied building, and shooting at an unoccupied transit vehicle." *Sanchez-Martinez*, 633 F.3d at 660. The Appeals Court held that Minnesota's definition of "crime

of violence" is broader than the ACCA requirement that a prior conviction have "as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* It thus found the defendant's prior conviction for terroristic threats thus was not an ACCA predicate offense. *Id.*

## III. DISCUSSION

A terroristic threat is not among the enumerated crimes in § 924(e)(2)(B)(ii), and the residual clause is unconstitutional under *Johnson (2015)*, 135 S. Ct. at 2563. The only issue is whether Cook's prior conviction for terroristic threats qualifies as an ACCA predicate crime under the force clause of 18 U.S.C. § 924(e)(2)(B)(i). The court finds that it does not.

The Nebraska terroristic threat statute, Neb. Rev. Stat. § 28-311.01, is overbroad for purposes of a *Johnson* analysis in that it criminalizes conduct that is not always considered a federally defined "crime of violence."[2] The court agrees that "under the elements of § 28-311.01, a conviction does not necessarily require that the defendant have threatened the use of physical force against the person of another." *See Cramer*, No. 4:13-cr-3011, 2016 WL 6102337, at *4. Because it is possible to violate the

---

[2] The court acknowledges that another case in the United States District Court for the District of Nebraska reached the opposite conclusion. *See United States v. Fletcher*, No. 4:12CR3075, 2016 WL 30660, at *2 (D. Neb. Jan. 4, 2016). That decision, however, was based on a finding of "no material difference between the terroristic threat statutes of Nebraska and Minnesota," as interpreted in *United States v. Clinkscale*, 559 F.3d 815, 817-818 (8th Cir. 2009) (stating, based on the defendant's concession that a prior Minnesota conviction for terroristic threats was a violent felony under the ACCA because the Minnesota offense had as an element the threatened use of physical force against the person of another). *See Fletcher*, No. 4:12CR3075, 2016 WL 30660, at *2. The *Fletcher* decision predated the Eighth Circuit's decision in *McFee*, 842 F.3d at 577, and Eighth Circuit precedent would no longer compel such a result.

Similarly, *Cramer*, No. 4:13-cr-3011, 2016 WL 6102337, at *2, also predated *McFee*, but *McFee* provides additional support for *Cramer's* holding, under more recent Supreme Court precedent, that a conviction for Nebraska's crime of terroristic threats is not a crime of violence for career-offender purposes. *Id.* at *2.

Nebraska statute without threatening physical force against a person, such as a threat of murder by poisoning or a threat of arson against property, the statute criminalizes a broader swath of conduct than that covered under the ACCA. *See, e.g., McFee*, 842 F.3d at 577; *Brown*, 765 F.3d at 192-193.

Cook's underlying conviction for terroristic threats cannot qualify as a violent felony under the now-invalidated residual clause of the Guidelines career-offender enhancement provision, nor does it qualify as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Because Nebraska's definition of "crime of violence" is broader than the ACCA requirement that a prior conviction have "as an element the use, attempted use, or threatened use of physical force against the person of another," Cook's prior conviction for making terroristic threats is not an ACCA predicate offense. Without the predicate conviction for terroristic threats, Cook does not have the requisite three predicate convictions (of either "violent felonies" or "serious drug offenses") to qualify for an ACCA sentence. As a result, Cook's currently imposed sentence of 204 months is now a per se illegal sentence, not only in violation of the laws of the United States but also in excess of the 10-year statutory maximum for the federal offense of being a felon in possession of ammunition.

The court finds the defendant is entitled to relief under § 2255 because, in light of recent United States Supreme Court case law, he is serving an unauthorized sentence. Because the ACCA is inapplicable, Cook is subject to a maximum sentence of ten years under 18 U.S.C. § 924(a)(2). Allowing his seventeen-year sentence to remain intact would violate due process and would result in a fundamental miscarriage of justice.

11

Accordingly, the court finds the defendant's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 should be granted.

In resentencing a defendant who prevails on a § 2255 motion, the district court generally performs a fresh review of the 18 U.S.C. § 3553(a) factors. *See United States v. Estrada*, 777 F.3d 1318, 1323 (11th Cir. 2015) (per curiam) (ordering that, on remand for resentencing, "the district court shall consider all appropriate 18 U.S.C. § 3553(a) factors in determining a reasonable sentence"); *see United States v. Kirk*, 636 Fed. App'x 548, 551 (11th Cir. 2016) (stating that on remand, the district court must first recalculate the defendant's advisory guidelines range and then apply the § 3553(a) factors).

Absent the 18 U.S.C. § 924(e)(1) enhancement, the defendant was subject to a maximum term of imprisonment of ten years for being a felon in possession of ammunition. *See* 18 U.S.C. § 922(g); 924 (a)(2). The record shows that the application of the ACCA resulted in a Guidelines calculation by the Probation Office of a total offense level of 33 at criminal history category VI, resulting in an advisory Guidelines sentencing range of 235 to 293 months. *See* Filing No. 98, Presentence Investigation Report ("PSR") (sealed) at 5. Without the career offender enhancement, Cook's Guidelines calculation would have been base offense level 24 under U.S.S.G. § 2K2.1(a)(2) (2008) (for having committed the crime subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense), plus a two-level adjustment for obstruction of justice under U.S.S.G. § 3C1.1 (for testimony at trial), resulting in a total offense level of 26. *Id.*

At sentencing, the court sustained Cook's objection to the obstruction of justice enhancement, which would have resulted in a total offense level of 24. Filing No. 101, Sentencing Memorandum at 10. At criminal history category VI (based on the assessment of fifteen criminal history points), Cook's advisory Guidelines sentencing range would have been 100-125 months. United States Sentencing Commission, Guidelines Manual, Sentencing Table (Nov. 2008). The court granted the defendant's motion for a sentence outside the Guidelines, finding a sentence below the advisory Guidelines sentencing range of 235 to 293 months, but slightly above the ACCA fifteen-year mandatory minimum was appropriate in light of Cook's history and characteristics, the seriousness of the offense, and promotion of respect for the law and deterrence. Filing No. 103, Statement of Reasons (sealed) at 3.

There has been no challenge to the initial Guidelines calculation. In performing a fresh review of the § 3553(a) factors, the court finds that a sentence close to the high end of the revised Guidelines sentencing range and at the statutory maximum for his conviction as a felon in possession of ammunition will fulfill the objectives of sentencing. Accordingly, the court finds a sentence of 120 months (ten years) is appropriate in consideration of the nature of the offense, the defendant's history and characteristics, and the need for the sentence to promote respect for the law, to provide just punishment, and to deter criminal conduct. The court also finds the defendant's term of supervised release should be reduced from five years to three years in light of his reduced sentence. *See* 18 U.S.C. §§ 3583(b)(2); 3559(a)(3). An amended judgment will issue this date.

IT IS ORDERED that:

1. The defendant's motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Filing No. 197 and Filing No. 199) are granted;

2. The defendant is sentenced to a term of imprisonment of one hundred-twenty (120) months, followed by a three (3) year term of supervised release.

3. An Amended Judgment in conformity with this Memorandum and Order will issue this date.

Dated this 25th day of May, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge